# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALEX OMAR WEST,

                Plaintiff,

v.

Case No. 17-CV-1034-JPS

LORI DOEHLING,
HOLLY GUNDERSON,
THOMAS GROSSMAN, and
DR. MARY SAUVEY,

**ORDER**

                Defendants.

        Plaintiff, a Wisconsin state prisoner who is proceeding *pro se*, filed a complaint alleging that Defendants violated the Eighth Amendment by acting with deliberate indifference to his serious medical needs. (Docket #1). On September 20, 2017, Magistrate Judge William E. Duffin screened the complaint and determined that Plaintiff did not provide enough facts to state a claim for relief. (Docket #8). Specifically, Magistrate Duffin noted that critical information was lacking regarding: (1) when Plaintiff's injury occurred; (2) what Defendants Lori Doehling ("Doehling"), Holly Gunderson ("Gunderson"), and Dr. Thomas Grossman ("Grossman") did (or failed to do); and (3) what Defendant Dr. Mary Sauvey ("Sauvey") did to violate his constitutional rights apart from denying his request for surgery by an off-site doctor. *Id*. at 5–6. The magistrate directed Plaintiff to file an amended complaint addressing these deficiencies. *Id.*

        On November 9, 2017, Plaintiff filed an amended complaint. (Docket #11). This matter was thereafter reassigned to this Court for screening the amended complaint. Because the amended complaint

largely reiterates the allegations from his original complaint and provides no new, relevant details, the Court will dismiss this case for failure to state a claim. The Court will briefly explain its decision below.

In the amended complaint, as in the original, Plaintiff reports that he heard a snap in his arm while curling weights on an unidentified date. (Docket #11 at 3). He experienced severe pain immediately and reported his injury to "health services staff." *Id*. at 3–4. The "on-call nurse" (who is not a defendant in this case) told Plaintiff that she did not want to disturb the doctor on a holiday weekend. *Id*. at 4. Instead, she gave him an ice bag and ibuprofen. *Id*.

On July 5 and July 7 of some unidentified year, Sauvey examined Plaintiff. *Id*. Plaintiff requested an off-site doctor, an MRI, surgery, or more powerful pain medication, but Sauvey denied the requests. *Id*. at 4. Between July 2016 and October 2017, Plaintiff "continued to complain" to Doehling, Gunderson, and Grossman about wanting different treatment for the pain in his arm. *Id*. Defendants still have not scheduled Plaintiff for a surgery consultation. *Id*.

For an Eighth Amendment claim of deliberate indifference to a serious medical need, the plaintiff must prove: (1) an objectively serious medical condition; (2) that the defendant knew of the condition and was deliberately indifferent in treating it; and (3) this indifference caused the plaintiff some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference inquiry has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Even if an official is aware of the risk to the inmate's health, "he is free from liability if he 'responded

reasonably to the risk, even if the harm ultimately was not averted.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 843 (1994)).

Negligence cannot support a claim of deliberate indifference, nor is medical malpractice a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). The question is not whether the plaintiff believes some other course of treatment would have been better. *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). Instead, he must prove that the defendant's treatment decisions were "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261–62 (7th Cir. 1996); *Walker v. Zunker*, 30 F. App'x 625, 628 (7th Cir. 2002) ("Mere dissatisfaction with a particular course of treatment, or even malpractice, does not amount to deliberate indifference.").

A medical need is sufficiently serious if the inmate's condition "has been diagnosed by a physician as mandating treatment or. . .is so obvious that even a lay person would perceive the need for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997). "A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Gayton*, 593 F.3d at 620. However, "refus[al] to dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue—the sorts of ailments for which many people who are not in prison do not seek medical attention—does not by its refusal violate the Constitution." *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996). Likewise, a delay in

treatment is only actionable if it aggravated his condition or caused unnecessary pain. *See Williams v. Liefer*, 491 F.3d 710, 715 (7th Cir. 2007).

As Magistrate Duffin explained in the first screening order, the Court has no information on how long Plaintiff had to wait to receive medical care for his arm. Plaintiff injured himself while exercising on an unidentified date. The "on-call nurse" told Plaintiff that she did not want to disturb the doctor on a holiday weekend and gave him ice and Ibuprofen. Plaintiff had to wait until July 5 to see Dr. Sauvey for an examination. Without more detail on how long Plaintiff had to wait for medical care, Plaintiff cannot show that any Defendant was deliberately indifferent to his needs. Indeed, given that Plaintiff says he was seen on July 5, it is entirely possible that Plaintiff injured himself over the preceding Independence Day weekend. Thus, he would have only waited one or two days to receive treatment, an amount of time many people who are not in prison would have to wait to see a doctor for aches and pains from an exercise-related injury.

Further, as Magistrate Duffin already noted, Plaintiff does not allege facts against Dr. Sauvey apart from her denial of his requests for different or additional treatment. Plaintiff does not have a constitutional right to receive the treatment of his choosing. *See Forbes v. Edgar*, 112 F.3d 262, 266–67 (7th Cir. 1997). Plaintiff suggests that Doehling, Gunderson, and Grossman were aware of his medical condition and refused to secure him surgery, but again, he has not alleged facts indicating that this was anything more than his want. *Reynolds v. Barnes*, 84 F. App'x 672, 674 (7th Cir. 2003) ("[T]he Constitution does not mandate that a prisoner receive exactly the medical treatment he desires.") According to the amended complaint, the only individual who did anything to deny him treatment

was the "on-call nurse," who is not a defendant in the case. Therefore, Plaintiff again fails to state a claim upon which relief can be granted. Because Plaintiff clearly failed to address the deficiencies in his original complaint, the Court finds that additional opportunity for amendment would be futile, *Foman v. Davis*, 371 U.S. 178, 182 (1962), and it will therefore dismiss the case with prejudice.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers *bona fide* arguments supporting his appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of November, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge